# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. CBD-20-1180 |
| | * | |
| JOSEPH WINDSOR SPEED, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## SUPPLEMENTAL TO MOTION TO EXTEND
## TIME LIMIT FOR PRELIMINARY HEARING

### INTRODUCTION

In response to the Court's Order of May 22, 2020, the government hereby supplements its previously-filed motion to extend the time limit for the preliminary hearing under Fed. R. Crim. P. 5.1(d).

As an initial matter, the government respectfully submits that this matter is more appropriately analyzed under the "good cause" standard set forth in Fed. R. Crim. P. 5.1(d). When the motion was filed, the defendant did not consent to the motion per se, but the defendant was also not requesting a preliminary hearing at that juncture either. So, to the extent the Court examines the matter as things stood when the motion was filed, the government submits the good cause standard should apply because the defendant was, at that time, waiving strict compliance with the requirement that a preliminary hearing take place within 14 days of the initial appearance.

That being said, upon recent consultation with defense counsel, the defense position has evolved. While the defense previously indicated its belief that the Court's standing orders tolled the time to conduct the preliminary hearing, the current defense position is that these orders do not toll the preliminary hearing deadlines. Moreover, because of an inability to meaningfully

communicate with the client about the matter, defense counsel has now requested a preliminary hearing out an abundance of caution to preserve the defendant's rights.

However, even if analyzed under the more stringent "extraordinary circumstances" standard, the government respectfully submits that this standard is met given the current strictures in place and the necessary precautions related to COVID-19. This Court, the government, defense counsel, and the detention facilities are all operating under extraordinary strictures as a result of the COVID-19 outbreak. These strictures make preparation for a preliminary hearing extremely difficult. While the government submits that a constitutionally sufficient preliminary hearing can be achieved through the video-teleconference options afforded by the Court, the government nonetheless believes that the Court would be well within its discretion to find that these are "extraordinary circumstances" that merit a postponement of the preliminary hearing. In fact, this Court has reached this very holding in at least ten cases, including twice just last week. *United States v. Morgan,* GLS-19-3476 (D. Md. May 22, 2020); *United States v. Dasilva*, TJS-19-3985 (D. Md. May 20, 2020). Other courts across the country have reached similar results. *E.g.*, *United States v. Carillo-Villa*, 2020 WL 1644773, at *2 (S.D.N.Y. Apr. 2, 2020); *United States v. Munoz*, 2020 WL 1433400 (S.D. Cal. Mar. 24, 2020). Accordingly, for these reasons, the government respectfully requests that the Court grant this motion.

Alternatively, to the extent the Court is not inclined to grant this motion, the government would request that the Court schedule a preliminary hearing to take place by Friday, May 29, 2020, which would be within the 14-day window following the initial appearance, lest the defendant seek discharge under 18 U.S.C. § 3060(d).

## II. FACTUAL BACKGROUND

1. On May 5, 2020, the Honorable Charles B. Day, United States Magistrate Judge, signed a Criminal Complaint and Arrest Warrant for defendant Joseph Windsor Speed. The defendant was arrested on May 15, 2020, and had his initial appearance on May 15, 2020.

2. On May 20, 2020, the Honorable Beth P. Gesner, United States Magistrate Judge, ordered the defendant detained pending trial. At the detention hearing, counsel for the defendant indicated the defendant was not requesting a preliminary hearing at present in light of the current pandemic.

3. The Court in this District has been operating on a curtailed basis in light of COVID-19. Specifically, in its order of March 31, 2020, the Court indicated it would limit any in-court proceedings in the Baltimore Courthouse to Mondays, Wednesdays, and Fridays, except where emergency matters required immediate attention. *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 12. The Greenbelt Courthouse has been closed to in-court proceedings since March 18, 2020. *Id.* at ECF 3. On May 22, 2020, the Court issued a revised Standing Order in which the Courthouses will remain closed to the public and any hearings held must occur by audio or video conference. Standing Order 2020-11 (D. Md. May 22, 2020). In this order, the Court continued all criminal jury trials, even "for those defendants detained pre-trial." *Id.* The Court also found that "the ends of justice [would be] served" by excluding additional time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A)." *Id.* And while the Standing Order reversed the presumption from previous standing orders and was now weighted in favor of allowing hearings to go forward where possible via video-teleconference, the order nonetheless allowed the presiding judge, upon motion of the parties, to adjust existing deadlines. *Id.*

4. The federal government has been operating under similar strictures. Specifically, on March 13, 2020, the President declared a national emergency pursuant to 42 U.S.C. § 5191 as a result of the COVID-19 outbreak. As a result, on March 17, 2020, the Office of Personnel Management issued an order directing federal agencies to "minimize face-to-face interactions;" postpone or curtail all "[n]on-mission-critical functions that cannot be performed remotely or that require in-person interactions;" and "[m]aximize telework" options. Exhibit 1. Since that time, Department of Justice employees have been largely working remotely from home. This means prosecutors have been largely unable to consult physical files (including agent reports, subpoenaed materials, media on remote storage devices such as thumb drives and external hard drives, which routinely house body camera footage and social media sites) and physical evidence, unless images of such materials were already uploaded and remotely accessible. Also, these strictures have abated the ability to conduct in-person discussions and prep sessions with agents. And while OPM has recently issued guidance for opening up operations when health conditions improve, Exhibit 2, those reopening metrics have not yet been met in the State of Maryland, which means the federal government is still operating in a severely curtailed posture.

5. That being said, the government has been participating in video-teleconferences as possible in certain instances. Since the passage of Standing Order 2020-06 on March 29, 2020, the Court authorized, pursuant to Section 15002(b)(1) of the CARES ACT, the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for many court proceedings, including preliminary hearings. However, participation in those proceedings has been difficult for federal prosecutors given that the Court is operating these teleconferences on a Zoom.gov platform, but the Department of Justice ("DOJ") laptops are not allowed to download the Zoom application, which forces DOJ employees to have to rely on

personal laptops for these proceedings, which is discouraged by Department policy against using personal hardware to conduct official government business.

6. These constraints have been present in this particular case. Specifically, undersigned counsel has been teleworking since March 13, 2020. The USAO for the District of Maryland has strongly encouraged office-wide telework where possible. The same applies for the DEA. Additionally, there are unique features of the materials relevant to this case that make effective communication between law enforcement and the prosecutors more difficult in a remote setting, which in turn makes preparation for, and participation in, a preliminary hearing more difficult. For example, this case involves several seizures, including one that took place on July 23, 2019. There is body camera footage for that incident, but at present it exists on an external hard drive at the USAO that cannot be uploaded for remote access because of size constraints, and which is not physically readily accessible to undersigned counsel given the current safer-at-home guidelines imposed by the Governor of Maryland. *See* Exhibit 3; *see also* State of Maryland Roadmap to Recovery Guidance, available at: https://governor.maryland.gov/2020/05/13/stage-one-governor-hogan-announces-gradual-reopenings-with-flexible-community-based-approach/. Furthermore, there is certain physical evidence that was seized during some of the seizures listed in the complaint, including specific clothing items belonging to the defendant found in one of the searched apartments. Undersigned counsel is not able to review these items with the agent, nor would they be readily available for a preliminary hearing, because they are currently in DEA evidence storage, which has its own constraints on access during the current pandemic.

7. On May 19, 2020, prior to the detention hearing in this matter, undersigned counsel corresponded with defense counsel, seeking a waiver from the defendant of the preliminary hearing requirement. Defense counsel responded by stating that the Court's standing orders

already tolled the preliminary hearing deadlines. However, on May 26, 2020, defense counsel revised the defense position and stated that, upon further review, the standing orders did not speak to preliminary hearings, and hence, she would be requesting a hearing to protect and preserve the defendant's rights.

As detailed more fully below, because of the current strictures in place as a result of COVID-19, the government respectfully requests that the Court grant this motion and extend the time for a preliminary hearing by 30 days, with the right to revisit the issue as conditions may change in the future.

## LEGAL ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 5.1(c), a magistrate judge must hold a preliminary hearing no later than 14 days after the initial appearance if the defendant is in custody or no later than 21 days after the initial appearance if the defendant is not in custody. Fed. R. Crim. P. 5.1(c). A magistrate judge may extend this time limit "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases . . . ." Fed. R. Crim. P. 5.1(d). "If the Defendant does not consent, the magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." Fed. R. Crim. P. 5.1(d).

An extension of the time for a preliminary hearing is justified where necessary "to permit the prosecution to ready its presentation of probable cause to support the arrest on charges already made in the complaint." *United States v. Gurary*, 793 F.2d 468, 473 (2d Cir. 1986). Courts have found "extraordinary circumstances" justifying a delay in the preliminary hearing in a variety of circumstances. *See United States v. Cohen*, 2017 WL 4417467 (D. Nev. July 2, 2017) (extraordinary circumstances found where defense counsel was recently appointed and needed

6

time to review discovery before preliminary hearing); *United States v. Bagios*, 2011 WL 817856, at *5 (S.D. Fla. Mar. 2, 2011) (extraordinary circumstances found where the "country was experiencing one of the worst winters in recorded history," "transportation of every type was significantly disrupted," and "the Marshals Service experienced a grounding of its air fleet as a result of an apparently unknown mechanical problem"); *United States v. Awosika*, 2008 WL 4279871, at *1 (M.D. Pa. Sept. 15, 2008) (extraordinary circumstances found where there was a need for competency evaluation).

This Court has repeatedly found that the current strictures in place as a result of COVID-19 constitute sufficient "extraordinary circumstances" for the delay of the preliminary hearing. In fact, this Court has so found ten times in the last 70 days, including twice just last week:

(1) *United States v. Wise*, ADC-20-750 (D. Md. Mar. 17, 2020) (Coulson, J.);

(2) *United States v. Ratchford*, ADC-20-701 (D. Md. Apr. 2, 2020) (Copperthite, J.);

(3) *United States v. Wise*, ADC-20-750 (D. Md. Apr. 15, 2020) (Copperthite, J.);

(4) *United States v. Lainez*, TDC-20-986 (D. Md. Apr. 20, 2020) (DiGirolamo, J.);

(5) *United States v. Patterson et al.*, TJS-20-1077 (D. Md. Apr. 20, 2020) (Sullivan, J.);

(6) *United States v. Saensirisouk*, GLS-20-480 (D. Md. Apr. 28, 2020) (Simms, J.);

(7) *United States v. Kearney*, CBD-19-4141 (D. Md. May 4, 2020) (Day, J.);

(8) *United States v. Cervellon*, JMC-20-1206 (D. Md. May 7, 2020) (Coulson, J.);

(9) *United States v. Dasilva*, TJS-19-3985 (D. Md. May 20, 2020) (Sullivan, J.);

(10) *United States v. Morgan*, GLS-19-3476 (D. Md. May 22, 2020) (Simms, J.).[1]

---

[1] Undersigned counsel is aware of only one case in this District to date where a motion to extend the preliminary hearing date was not granted. *See United States v. Day*, CBD-20-1172 (D. Md. May 18, 2020) (Coulson, J.).

Other courts have found likewise. *United States v. Torres*, 2020 U.S. Dist. LEXIS 84851 (D.N.J. May 14, 2020) (granting extension of preliminary hearing "because of the inability to convene a grand jury in light of the COVID-19 pandemic"); *United States v. Carillo-Villa*, 2020 WL 1644773, at *2 (S.D.N.Y. Apr. 2, 2020) (extending the preliminary hearing deadline by 30 days because of general disruptions caused by COVID-19, along with difficulties in the specific case to obtain translators for certain recordings and travel by agents); *United States v. Munoz*, 2020 WL 1433400 (S.D. Cal. Mar. 24, 2020) (finding extraordinary circumstances because of the general nature of COVID-19). *But see Elms v. United States*, 2020 U.S. Dist. LEXIS 76594 (D. Nev. Apr. 30, 2020) (holding that the government did not meet its burden to demonstrate extraordinary circumstances in that specific case by a sufficient proffer of difficulties with preparation by parties in that case).

Additionally, some courts have made the "extraordinary circumstances" finding across the board through their standing orders. *In re Coronavirus/COVID-19 Pandemic*, No. 2020-15 (E.D.N.Y. Apr. 21, 2020) ("Due to the ongoing exigent circumstances created by the COVID-19 pandemic as outlined herein, in all criminal matters in which a magistrate judge must conduct a preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1 on or between April 27, 2020 and June 15, 2020, the time for such hearing set forth in Rule 5.l(c) is further extended to no later than 60 days after the initial appearance of the defendant."); *In re Court Operations under the Exigent Circumstances Created by COVID-19 and Related Coronavirus*, General Order 02-20 (W.D. Wash. March 17, 2020) ("With regard to criminal matters, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of witnesses, counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy

Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). For the same reasons, the Court finds under 18 U.S.C. § 3060(c) extraordinary circumstances exist, and justice requires delay of all criminal preliminary hearings during the time period of the continuances implemented by this order.").

Here, the government respectfully submits that this motion should be evaluated under the "good cause" standard set forth in Fed. R. Crim. P. 5.1(d). This is because at his detention hearing, the defense indicated it was not seeking a preliminary hearing at that time, hence waiving strict compliance with the requirement to hold a preliminary hearing within 14 days. To hold otherwise would be to allow a defendant's initial position to result in the loss of significant time against the 14-day deadline, only to re-impose the deadline near the end of the term based on a change of position. This should not be permitted. At the very least, this Court would be within its discretion to toll the running of the 14-day clock from May 15 through May 26 when a more affirmative request for a hearing was made.

But even if the Court were to construe this motion under the more exacting standard that requires a showing of "extraordinary circumstances" and that "justice requires the delay," the government submits that standard is still met here. As detailed above, the Court is operating under severe restrictions. Pursuant to the current Standing Order 2020-11, court operations are still severely curtailed. Additionally, the Court made an "ends of justice" finding as to the Speedy Trial Act, which mirrors the required finding under Rule 5.1(d) that "justice" requires a delay in the preliminary hearing. In this way, half of required showing is made out by virtue of the Court's current standing order. Further, given the constraints in the ability of the government agents and prosecutors to meet in person, review physical and electronic evidence, and otherwise prepare to

present testimony in a preliminary hearing setting as described above, this further militates in favor of a finding that "extraordinary circumstances" exist here. Indeed, this Court has so found 10 times in the last 70 days, *see e.g., Dasilva, supra*, and not much has appreciably changed in terms of the impact of COVID-19 on government operations since those findings were made. Additionally, the current pandemic has delayed the ability of the government to collect and serve on defense counsel the discovery in this matter. Also, the defense counsel has not been able to effectively communicate in person with the defendant. Pursuant to *Cohen*, these hindrances on the defense side militate in favor of a finding of "extraordinary circumstances." These general considerations must also be put into the context of this case. There are special media files that are difficult to access for purposes of discussion with the agent and/or presentation in the context of a preliminary hearing. Additionally, as detailed above, participation in the video-teleconference platform used by the Court and the detention facility is not one that DOJ computers are allowed to host, which means DOJ participants will be required to use personal laptops for official court proceedings, which is generally discouraged by Departmental policies.

Wherefore, based on the foregoing, the government respectfully requests that the court enter an Order finding "extraordinary circumstances" and that justice requires extending the time for holding a preliminary hearing under Fed. R. Crim. P. 5.1 to a date to be determined by the Court after June 5, 2020, when the Court resumes normal operations.

Alternatively, if the Court is not inclined to grant the motion, the government would request that the Court at least toll the 14-day clock from May 15 through May 26 when a more affirmative demand for a hearing was made, which would require a hearing by June 9, 2020.

Alternatively, to the extent that the Court is not inclined to make the findings required for an extension under Fed. R. Crim. P. 5.1(d) for any duration, the government would respectfully

request that the Court schedule a preliminary hearing to take place by May 29, 2020, within the 14-day deadline.

                Respectfully Submitted,

                Robert K. Hur
                United States Attorney

                By: /s/
                Jason D. Medinger
                Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on May 27, 2020, the following was filed via CM/ECF which provides service on counsel of record, and that a copy of the foregoing was sent via email to defense counsel as follows:

    Elizabeth G. Oyer
`    Office of the Federal Public Defender
    100 S. Charles St. Tower II, 9th Fl.
    Baltimore, MD 21201

                By: /s/
                Jason D. Medinger
                Assistant United States Attorney